820 F.2d 1226
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin STONE, Defendant-Appellant.
 No. 86-5852.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1987.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se appellant appeals a district court's order which denied his 28 U.S.C. Sec. 2255 motion to vacate sentence.
 
 
 3
 Appellant presents one issue in his appellate brief, that is essentially whether the prosecution withheld exculpatory evidence from the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). Appellant contends that information contained in a report published by the Pennsylvania Crime Commission after appellant's trial, which connected the prosecution's chief witness (Richard Wellbrock) with a fraudulent coal tax shelter scheme was withheld from the defense. Appellant further contends that this information casts a reasonable doubt on his conviction for mail fraud relating to a fraudulent coal tax shelter scheme in Kentucky.
 
 
 4
 The district court properly dismissed appellant's Sec. 2255 motion. Appellant's allegations are without merit because he does not demonstrate that the prosecution withheld information of Wellbrock's participation in the aforementioned activities. Appellant has also not shown how this information is material evidence, in that there is a reasonable probability that this information would have changed the outcome of the trial. Brady, 373 U.S. at 87; United States v. Bagley, 473 U.S. 667 (1985). Furthermore, appellant's counsel was afforded ample opportunity to attack Wellbrock's credibility on cross-examination. Moreover, the government states in its brief that appellant was informed during discovery that it did not have documents relating to Wellbrock's fraudulent tax shelter activities in the state of Pennsylvania and did not expect to use them at trial if such documentation was obtained. The fact that appellant requested this information also indicates that he was aware of Wellbrock's activities prior to the Pennsylvania Crime Commission's report, thereby negating his claim that this is newly discovered evidence.
 
 
 5
 For these reasons, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.